WILLIAM P. GREENE & others *vs.* JOHN BORLAND.

When a testator devises property to two trustees, and they both decline the trust, the probate court has authority, under the Rev. Sts. *c.* 69, § 8, after notice to all persons interested, and with their assent, to appoint a single trustee to execute the trust.

A testator, after making several bequests, devised one *half of the residue of his property* to A. and the other half to two trustees, to hold the same in trust for B., the wife of G., during her life, and on B.'s death to convey the same to B.'s children : The trustees both declined the trust, and the probate court, after notice to B. and G. and to B.'s children, and with the assent of B. and G. and of the guardian *ad litem* of B.'s children, appointed a trustee to execute the trust created by the testator. *Held,* that A. was not a person interested, within the meaning of the Rev. Sts. *c.* 69, § 8, and was not entitled to notice, in order to render valid the appointment of the new trustee.

THIS was a bill in equity, in which William P. Greene, Augusta E. Greene, his wife, and Josiah Quincy jr. prayed for a decree that the defendant render an account of the rents and profits of certain estates, and pay one half thereof to said Quincy. The hearing was on the bill and answer, which exhibited these facts : Sarah Borland, deceased, the mother of the defendant and of the said Augusta E., by her last will, after giving certain legacies, devised and bequeathed to the defendant one half of all the residue of her property, real and personal. The other half of said residue she devised and bequeathed to S. Hubbard and W. Minot, in trust, to invest the same in real or personal securities, and the same to change and reinvest, as from time to time they might think best, and to pay over the whole income, interest and profits thereof to said Augusta E., wife of said William P., for and during her life, upon her sole and separate receipt or order, without any joinder of her said husband therein ; and upon the death of said Augusta E., to pay over, transfer and convey unto her children, in equal shares, the whole of the said principal sum, in whatsoever manner the same might be then invested, to have and to hold to them and their heirs, discharged of all trusts, to their own use for ever.

This will was duly proved and allowed in November 1839, and letters testamentary were granted to the defendant, who was the executor. The said Hubbard and Minot declined to accept

the trusts thereunder, and the said Quincy, upon his own petition, and notice thereof to the said William P. and Augusta E., with the assent of a guardian *ad litem* of their minor children, was appointed trustee in their stead, by the judge of probate, and accepted the trust and gave bond to execute the same.   No notice of said Quincy's said petition was served on the defendant, and the only information he had thereof was derived from a conversation with the judge of probate, in which the defendant casually learned that it was contemplated by said judge to appoint said Quincy ; whereupon the defendant caused a letter to be handed to the judge, in open court, protesting against such appointment and stating his objections thereto, and requesting that said letter might be placed on the files of the probate court.

The defendant, since the death of said testatrix, has collected a large amount of money, rents of the real estate devised by her as aforesaid, one half of which the said Quincy has demanded to be paid to him, as trustee under said will ; but the defendant has refused to account with him therefor, on the ground that his appointment was illegal.

*C. G. Loring & F. C. Loring*, for the plaintiffs.

*Gardiner & English*, for the defendant.

By THE COURT.*   The questions in this case arise under the following provisions of the Rev. Sts. *c.* 69, § 8 : " When any person, appointed a trustee, shall decline or resign the trust, &c. if no adequate provision is made, by the will, for supplying such vacancy, the judge of probate shall, after notice to all persons interested, appoint a new trustee, to act alone or jointly with the others, as the case may be ; and every trustee appointed by the judge of probate, by force of this or of the preceding section," (which provides for the removal of an insane or otherwise incompetent or unsuitable trustee, and the appointment of another in his stead,) " shall have and exercise the same powers, rights and duties, whether as a sole or a joint trustee, as if he had been originally appointed by the testator ; and the trust estate shall vest in him, in like manner as it did or would have vested in the trustee, in whose place he is substituted."

---

* *Hubbard*, J. did not sit in this case.

Two objections are made to the validity of the appointment of Mr. Quincy as trustee in this case. *First,* that the probate court should have appointed two trustees in the place of the two who were appointed by the testatrix, and who declined the trust ; and that said court had no authority to transfer the trusts to a single trustee : *Second,* that the defendant was a person interested in said appointment, and should have had legal notice, before the appointment was made.

In regard to the first objection, the court are of opinion that the appointment of one trustee was valid. We think the case is distinguishable from that of *The General Hospital* v. *Amory,* 12 Pick. 445. That decision, supposing it correct upon the provisions of *St.* 1817, *c.* 190, §§ 39, 40, proceeded on the ground, that the appointment of two trustees, in place of two appointed by the will, one of whom had died, and the other resigned, was required by the *cestui que trusts,* whose claim was remote, being that of an expectant interest in the fund, after the termination of a life estate, and who deemed the appointment of two trustees necessary to the protection of their interest. Besides ; the court in that case were strongly inclined to the opinion, that the appointment of two was required by the terms of the will. In the present case, the appointment of one was made by the assent of all parties interested in the trust. The judge of probate had jurisdiction of the subject matter — that of the appointment of trustees in place of those who declined — being required first to give notice to all persons interested ; and if his power to appoint a single trustee were otherwise doubtful, we think the assent of all persons in interest rendered the appoint ment valid.

In regard to the second objection, the court are of opinion that the defendant was not a person in interest, legally entitled to notice, in order to give validity to this appointment of a trustee. He was co-devisee and legatee under the same will, and was also executor. But he had no interest, directly or indirectly, in this trust. The interests of himself, and of his sister and her children, were entirely distinct. He had notice in fact, and so far as the judge of probate might derive aid and benefit, in the discharge of his duty, from the suggestions and advice of

one nearly connected with the parties, he had an opportunity to offer them, and did offer them. But the point is, that he was not a person in interest, entitled to legal notice, as a condition precedent to the valid appointment of a trustee, under that branch of the will.

The court are therefore of opinion, that the defendant, as tenant in common, is bound to account with Mr. Quincy as trustee and cotenant, for rents and profits collected and received from the estate devised, as prayed for by the bill.